IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 26, 2018

## SEAN PATRICK GOBLE v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Greene County**
**No. 15-CR-505      Alex E. Pearson, Judge[1]**

_____

### No. E2017-01749-CCA-R3-PC

_____

The Petitioner, Sean Patrick Goble, appeals the dismissal of his petition for post-conviction DNA analysis as time-barred. On appeal, the Petitioner asserts, and the State agrees, that the Post-Conviction DNA Analysis Act does not have a statute of limitations. After review, we reverse the judgment and remand for the post-conviction court to determine whether the petition should be granted or denied on the merits.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and ROBERT H. MONTGOMERY, JR., JJ., joined.

Sean Patrick Goble, Mountain City, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; and Dan E. Armstrong, District Attorney General, for the appellee, State of Tennessee.

## OPINION

On December 15, 1995, the Petitioner pled guilty to first degree murder and received a life sentence. *Sean Patrick Goble v. State*, No. 03C01-9711-CR-00503, 1998 WL 661522, at *1 (Tenn. Crim. App. Sept. 25, 1998), *perm. app. denied* (Tenn. Mar. 8, 1999). On September 5, 1997, he filed a petition for post-conviction relief, which was dismissed for being filed past the statute of limitations. *Id.*

_____

[1] The original judge assigned to this case recused himself, and Alex E. Pearson, Circuit Court Judge, was designated to hear the case.

On November 5, 2015, the Petitioner filed a petition requesting DNA analysis pursuant to Tennessee Code Annotated section 40-30-303. In his petition, the Petitioner alleged that vaginal and anal swabs of the victim were submitted to the Washington County Sheriff's Office in Virginia and were not compared to his DNA profile. He asserted that if the swabs were tested, the results would show that he did not murder the victim. No response from the State is included in the record. The post-conviction court summarily dismissed the petition as time-barred under the statute of limitations, and the Petitioner now appeals.

On appeal, the Petitioner argues that the post-conviction court erred in dismissing his petition as time-barred because the Post-Conviction DNA Analysis Act does not have a statute of limitations. The State agrees that the petition could not be time-barred but maintains that the petition was properly dismissed on the merits.

The Post-Conviction DNA Analysis Act provides that a person convicted of certain enumerated offenses, including first degree murder,

> may *at any time*, file a petition requesting the forensic DNA analysis of any evidence that is in the possession or control of the prosecution, law enforcement, laboratory, or court, and that is related to the investigation or prosecution that resulted in the judgment of conviction and that may contain biological evidence.

T.C.A. § 40-30-303 (emphasis added). This Act "includes explicit language that allows DNA analysis at 'any time,' thus superceding any general statute of limitations." *Bondurant v. State*, 208 S.W.3d 424, 429 (Tenn. Crim. App. 2006); *see also Powers v. State*, 343 S.W.3d 36, 48 (Tenn. 2011) (noting "there is no statutory time limit on requests for testing"). Because there is no statute of limitations under the Act, the post-conviction erred in dismissing the petition on this ground.

The State asserts that the petition should still be dismissed because the Petitioner cannot show the required elements under the Post-Conviction DNA Analysis Act. The Act provides a mandatory analysis provision and a discretionary analysis provision, both of which have four elements that must be met before a court will order DNA analysis under either provision. *Powers*, 343 S.W.3d at 48. The Act does not require the post-conviction court to hold a hearing to determine whether testing should be granted. *Id.* This court affords a post-conviction court considerable discretion in determining whether to grant testing under the Act, and we will not reverse its judgment unless it is unsupported by substantial evidence. *See Charles E. Jones v. State*, No. W2014-02306-CCA-R3-PC, 2015 WL 3882813, at *3 (Tenn. Crim. App. June 24, 2015); *Sedley Alley v.*

*State*, No. W2004-01204-CCA-R3-PD, 2004 WL 1196095, at \*3 (Tenn. Crim. App. May 26, 2004).

Here, the post-conviction court did not consider the merits of the Petitioner's petition and dismissed it purely on timeliness grounds. Given the considerable discretion we afford to a post-conviction court's grant or denial of a petition for DNA analysis, we decline to review the merits of the Petitioner's petition where the post-conviction court has yet to do so.

## CONCLUSION

Based on the foregoing reasons, we reverse the dismissal of the petition for post-conviction DNA analysis based on its timeliness and remand to the post-conviction court to determine whether to grant or deny the petition based on its merits.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE